Outlet Clothing Company, Inc. v. Commissioner.
Outlet Clothing Co. v. Commissioner
Docket No. 6188.
United States Tax Court
1945 Tax Ct. Memo LEXIS 43; 4 T.C.M. (CCH) 1052; T.C.M. (RIA) 45358; November 7, 1945
*43 Charles A. Davey, Esq., for the petitioner. J. T. Haslam, Esq., for the respondent. DISNEY
Memorandum Findings of Fact and Opinion DISNEY, Judge: This case involves deficiencies, for the taxable year 1940, as follows: in income tax $2,941.70; in declared value excess profits tax $407.77, and in excess profits tax $2,332.15. The only question presented is whether the Commissioner erred in the amount of deduction allowed for compensation paid to corporate officers of the petitioner, and in denying deduction of amounts paid to directors of the petitioner. Findings of Fact The petitioner is a corporation organized under the law of Connecticut and engaged in the retail men's clothing business at Bridgeport, Connecticut. Its Federal income tax return for the calendar year 1940 was filed with the collector for the district of Connecticut. The corporation was organized in 1926. The capital invested was $5,000 paid in by each of two brothers, David and Selig Lesser. That was the only capital contributed until 1940. No dividends have ever been paid on the stock. During 1940 it was held by the two brothers and their wives. In the taxable year, and for many years prior thereto, *44 David Lesser was president, and Selig Lesser, secretary and treasurer of the petitioner; and Betty Lesser and Molly Lesser, the wives of the two brothers, were stockholders and directors. Petitioner's business, the leading clothing business in the city, is located in what is described as a "forty per cent location," a 100 per cent location being defined as one near the center of the business section of the city. Petitioner's store is away from such center, entirely out of the neighborhood of other stores. The majority of the business done is in sportswear for young men and novelty clothing. There are approximately 15 large clothing stores in the city. Petitioner's net sales, net income, officers' salaries, directors' salaries, total assets and net worth of the petitioner for the years 1935-1940, inclusive, were as follows: 1935
1936
1937
1938
1939
Net Sales
$118,872.50
152,467.28
$168,797.04
$123,336.11
$182,358.82
Net Income
(939.20)
(210.06)
(2,411.37)
(1,458.09)
1,472.14
Officers' Salaries
22,800.00
22,800.00
22,800.00
8,100.00
26,000.00
David Lesser
10,900.00
10,900.00
10,900.00
3,800.00
15,600.00
Betty Lesser
500.00
500.00
500.00
Selig Lesser
10,900.00
10,900.00
10,900.00
4,300.00
10,400.00
Molly Lesser
500.00
500.00
500.00
Total Assets
40,877.06
46,442.49
53,944.89
55,860.30
67,222.68
Net Worth
8,593.17
8,194.34
5,782.97
4,324.88
6,956.03
*45 1940
Net Sales
$239,831.56
Income
2,827.56
Officers' Salaries
33,200.00
David Lesser
16,100.00
Betty Lesser
500.00
Selig Lesser
16,100.00
Molly Lesser
500.00
Total Assets
83,810.43
Net Worth
19,363.70
The store was in the taxable year conducted by the two Lesser brothers, who have been in the clothing business together for about 25 years. Each devoted all of his time. There were four salesmen, with three extra salesmen on Saturdays. Both brothers did buying, but Selig Lesser in general bought at the store, while David Lesser bought clothing in New York. Both sold goods in the store. David selected specialty goods, had the clothing sold by petitioner, to a considerable extent, made in selected styles from materials purchased by him, and to the extent of about 30 per cent, caused changes in colors, threads, weaves and styles of the suits sold. The ordinary clothing buyer selects from styles and samples shown by manufacturers. David Lesser was offered $50- $60 a day to act as buyer for other stores. The position of buyer is a year-round job. Selig Lesser managed the selling staff, and was in charge of the tailoring or "busheling" in the shop. A *46 good "bushelman" earns $5,000-$6,000 per year. About September 1939 an additional salesman, a very capable man, with a following of many friends, was employed. His name was carried on the window of the store, as manager. He was paid a higher commission than other salesmen. The petitioner's officers wanted this salesman badly, and made him a good proposition. The brothers did not receive directors' fees, the wives being the only recipients of such fees. No minutes were kept of any directors' meeting in the taxable year. Opinion As above shown in our findings, the petitioner paid, in the taxable year, salaries of $16,100 to each of the two Lesser brothers. Deduction of these amounts was claimed in the return and error assigned in the action of the Commissioner in allowing deduction of only a portion of the amounts, that is, allowance of only $15,000 out of $33,200. At trial it was agreed that of David Lesser's salary $6,100 was disallowed, and that $11,100 was disallowed as to Selig. Also at trial, the petitioner, by leave granted amended the petition by alleging error in disallowance of "directors' fees of five hundred dollars each paid to Molly Lesser and to Betty Lesser." *47 To what extent, if any, was there error in such disallowance? The petitioner, of course, has the burden of meeting the presumption that the determination by the Commissioner was error. Disposing first of the matter of the two items of $500 paid to the two wives: We hold that no error on the part of the Commissioner has been shown. As just seen, the deductions are claimed only as directors' fees. No performance of services as directors by the wives in the taxable year is shown by the record before us. A witness spoke of a meeting, but no minutes were written up, and the wives are not shown as participating therein. On such a showing we would not be justified in upholding the deduction. It remains to be considered whether error appears in the partial disallowance of deduction for services performed by the two Lesser brothers. The record is not altogether satisfactory in that regard. Each brother appears to have considered himself the leading figure and valuable accordingly, and responsible for the building up of the store. Yet, the table above shows net losses each year from 1934, until 1939, in the latter part of which the valuable salesman was acquired. We are inclined, therefore, *48 to give less weight than does the petitioner to the buying ability of David Lesser. There is testimony valuing the services of such buyers as he from $12,500 to $15,000 or $16,000, with one example of a buyer who received $17,500 from a clothing store doing about $250,000 in business "for buying and taking care of the store." Since the "looking after the store" in this instance appears divided between the brothers, the example is not parallel. Considering all of the facts, including the close family relationship and ownership of stock by the officers, the unsatisfactory record as to determination upon salaries and lack of drectors' minutes, the small amount of corporate profit left after payment of salaries, and the nature of the duties performed, we conclude and hold that $12,500 was a reasonable salary for David Lesser, and $8,500 for Selig Lesser. In the absence of any minutes of any directors' meeting establishing salaries or showing consideration of the salaries paid in former years, and in the absence of record as to manner of determination of salaries in those years or their treatment on the corporate records, we do not feel justified in applying the principles of , *49 for reasons shown in that opinion. Decision will be entered under Rule 50.